UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ORLANDO BETHEL, et al.,          Case No. 1:11-cv-206

    Plaintiffs          Dlott, J.

    vs

THE MIDDLETOWN CITY
SCHOOL DISTRICT, et al.,          REPORT AND
                                              RECOMMENDATION
    Defendants

        Plaintiffs Orlando Bethel and Glynis Bethel, individually and as the next friends of their minor children, bring this action pro se pursuant to 42 U.S.C. § 1983 against the Middletown City School District in Middletown, Ohio, Ohio Governor John Kasich, and various Middletown City School District officials and personnel. By separate Order issued this date, plaintiffs have been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiffs' complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

        In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28

U.S.C. §§ 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915 (e)(2)(B)(ii).  Plaintiffs' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  *See also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  While a complaint need not contain "detailed factual

2

allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

As an initial matter, plaintiffs Orlando and Glynis Bethel purport to bring this action on behalf of their three minor children. Mr. and Mrs. Bethel may not serve as the next friend of their own minor children without representation by an attorney at law. Mr. and Mrs. Bethel have been repeatedly reminded of this rule of law, most recently in an action they brought in the Eastern District of Kentucky.[1] *See Bethel v. Boone County Board of Education,* Case No. 11-002 (E.D. Ky. Jan. 13, 2011) (Doc. 4). As noted by that court:

> "Mr. and Mrs. Bethel are entitled to pursue claims in their own names on a pro se basis. However, the law is clear that they may not bring pro se claims on behalf of their minor child." *Bethel v. City of Robertsdale*, No. 10-0632-WS-C (S.D. Ala. Dec. 6, 2010) (citing *Devine v. Indian River County Sch. Bd.*, 121 F.3d 576, 582 (11th Cir. 1997), overruled on other grounds by *Winkelman v. Parma City Sch.*

---

[1] The Court notes that this is one of more than fifty lawsuits filed in the federal courts in the past seven years by Orlando and Glynis Bethel, who have been described by one court as "serial filers and recreational plaintiffs." *Bethel v. Bosch*, No. 1:10-cv-651, 2010 WL 5014752, at *3 n.4 (S.D. Ala. Dec. 2, 2010). In addition to the instant action filed in this Court, plaintiffs have filed actions the federal district courts in Alabama, Florida, Georgia, Mississippi, and Kentucky. *See* https://pacer.uspci.uscourts.gov (last accessed on April 19, 2011). Plaintiffs have been sanctioned on several occasions for their penchant for "shotgun pleadings," *Bethel v. Bosch*, No. 1:10-cv-651, 2010 WL 5014752, at *3 n.4 (S.D. Ala. Dec. 2, 2010) (and cases cited therein), "persistent and recurring efforts to malign, calumniate and denigrate [the judicial] tribunal[s] with scurrilous filings," *Bethel v. Town of Loxley*, No. 06-0573, 2006 WL 3449140, at *2 (S.D. Ala. Nov. 29, 2006), and failure to obey court orders. *Bethel v. Baldwin County Bd. of Educ.*, No. 06-0223, 2008 WL 4493591 (S.D. Ala. Sept. 30, 2008). *See also Bethel v. Baldwin County Bd. of Educ.*, Nos. 09-10-KD-C, 09-11-KD-C, 09-12-KD-C, 09-13-KD-C, 09-14-KD-C, 2009 WL 1259640, at *3 (S.D. Ala. May 6, 2009).

>  *Dist.,* 550 U.S. 516 (2007) ("[P]arents who are not attorneys may not bring a pro se action on their child's behalf.")). The law in the Sixth Circuit is the same. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[P]arents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative."); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.,* 906 F.2d 59, 61 (6th Cir. 1995) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."); *see also Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding that in a § 1983 action "under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney.").

*Bethel v. Boone County Board of Education,* Case No. 11-002 (E.D. Ky. Jan. 13, 2011) (Doc. 4 at 2). Accordingly, as to the claims of the minor children, this matter should be dismissed without prejudice.

Plaintiffs' complaint alleges numerous violations of plaintiffs' rights in connection with their children's attendance at Middletown City schools. The complaint's Statement of Facts are set forth in paragraphs 40 through 56. After the claims asserted on behalf of the minor children are omitted, the remaining allegations of the complaint fail to give the defendants fair notice of the claims against them by Mr. and Mrs. Bethel. *Erickson*, 551 U.S. at 93. The complaint alleges that plaintiffs "evangelized in the city of Middletown, Ohio and enrolled their children inside of the public schools under the McKinney Vento Act ('Homeless')." (Complaint, ¶40). Paragraphs 41 through 52 and 54 contain factual allegations concerning the minor children's actions. The only allegations involving Mr. and Mrs. Bethel are as follows: The high school principal allegedly "harass[ed] [Z.B.] and her parents with his views upon the message on the front of the T-Shirt ('GOD Hates Whores')." (Complaint, ¶49). In addition, Orlando Bethel was allegedly told that Child Protective Services was holding his daughter "but refused to give the EXACT information in order to pick up his daughter from the school like other parents"

(Complaint, ¶53) and "was falsely arrested" by an officer at the Middletown High School "based upon the government detailing (sic) his minor child [Z.B.] without notifying him of her whereabouts or the nature of the detainment." (Complaint, ¶56). The complaint provides no factual content or context from which the Court may reasonably infer that any particular defendant somehow violated Mr. or Mrs. Bethel's rights in these regards. The allegations of harassment and lack of information fail to state a claim for a violation of plaintiffs' constitutional rights. The allegation of "false arrest" amounts to a legal conclusion couched as a factual allegation that fails to state a plausible claim for relief. *Twombly,* 550 U.S. at 555.

Also, while plaintiffs have named more than ten defendants in the complaint, they fail to identify with any specificity the constitutional rights that each such defendant has allegedly violated, as well as the actions taken by such individuals to violate those rights. For example, the complaint generally alleges that the Ohio compulsory attendance laws violate plaintiffs' constitutional rights, but plaintiffs fail to allege any facts whatsoever alleging who violated their rights, the actions of such individuals, or the injury they sustained as a result. There is no logical construction of plaintiffs' complaint from which the Court can divine a viable claim against the defendants over which the Court might have jurisdiction. The complaint provides no "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]" prohibited by the Supreme Court. *See Iqbal*, 129 S.Ct. at 1949. Because Mr. and Mrs. Bethel's claims against the defendants are composed of either legal conclusions or "legal conclusion[s] couched as [ ] factual allegation[s]," *Twombly,* 550 U.S. at 555, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the Court concludes that the complaint is subject to dismissal for failure to

5

state a claim for relief. 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiffs' complaint be **DISMISSED**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).


Date: 4/19/2011                                                          s/Karen L. Litkovitz
                                                                                    Karen L. Litkovitz, Magistrate Judge
                                                                                    United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ORLANDO BETHEL, et al.,                      Case No. 1:11-cv-206

    Plaintiffs                                         Dlott, J.

    vs

THE MIDDLETOWN CITY
SCHOOL DISTRICT, et al.,
    Defendants

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).